UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COLT DEFENSE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-090-P-S |
| | ) |
| BUSHMASTER FIREARMS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

SINGAL, Chief District Judge

Before the Court is Plaintiff's Motion for Summary Judgment (Docket # 16). As briefly explained below, the Court GRANTS the Motion, finding that there exists no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law.

**I. STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "material fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). The court views the record in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. See McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995).

1

## II. BACKGROUND

Plaintiff Colt Defense LLC is the owner by assignment of U.S. Patent No. 4,663,875 ["the '875 patent"], which is entitled "Rifle Handguard Assembly Having Outer Shell with Outer and Inner Liners." This patent was filed in the U.S. Patent and Trademark Office on December 30, 1985, and will expire on December 30, 2005. It is presently valid and enforceable. The '875 patent is directed to a heat shield for rifles or carbines with short barrels, which consists of an outer shell and two inner liners.

On May 16, 2005, Plaintiff filed a Complaint with the Court alleging that Defendant Bushmaster Firearms, Inc. had infringed on the '875 patent by producing and selling a dual-shield handguard (Docket # 1). Specifically, Plaintiff alleges that Defendant made and sold the heat shields in violation of Title 35 U.S.C. § 271(a), which states that:

> [W]hoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.

(Plaintiff's Motion for Summary Judgment (Docket # 16)). In its "Limited Opposition by Bushmaster Firearms to Plaintiff's Statement of Material Facts" (Docket # 22, ¶ 1), Defendant states that it

> [D]oes not oppose plaintiff's motion for summary judgment and does not contest the fact that certain dual-shield handguards, manufactured and supplied to Bushmaster by a third party vendor, appear to have infringed the Tatro '875 patent.

In short, Defendant has admitted that it sold some number of these heat shields, although the number sold is in dispute.

### III. ANALYSIS

Even absent opposition from the Defendant, a district court

> [M]ust determine whether summary judgment is 'appropriate,' which means that it must assure itself that the moving party's submission shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002) (quoting Fed. R. Civ. P. 56(c)).

In this case, it is clear that summary judgment is "appropriate" on the record. The deposition by John A. DeSantis, Defendant's President and CEO (Plaintiff's Statement of Material Facts (Ex. 5 to Docket # 21)) and Bushmaster sales records (Defendant's Opposing Statement of Material Facts (Docket # 22, ¶ 2)), clearly demonstrate that Defendant sold heat shields that literally infringe on Plaintiff's '875 patent. Thus, Plaintiff is clearly entitled to summary judgment on its claim of patent infringement.

### IV. CONCLUSION

Plaintiff's Motion for Summary Judgment is GRANTED. As was previously discussed at the October 25, 2005 Conference of Counsel (Docket # 25), the issues of injunctive relief, damages, and attorney's fees will be reserved for trial.

SO ORDERED.

                                                    /s/ George Z. Singal
                                                    Chief U.S. District Judge

Dated this 21st day of November, 2005.