UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| COLT DEFENSE LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 05-90-P-S |
| | ) | |
| BUSHMASTER FIREARMS, INC., | ) | **REDACTED VERSION** |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON DEFENDANT'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT[1]

In the wake of this court's November 21, 2005 ruling granting summary judgment to plaintiff Colt Defense LLC ("Colt") on its claim of patent infringement against defendant Bushmaster Firearms, Inc. ("Bushmaster"), *see* Order on Plaintiff's Motion for Summary Judgment (Docket No. 31), Bushmaster moves for partial summary judgment as a matter of law that Colt may not recover damages in this action for any sales before April 12, 2005, *see* Motion for Partial Summary Judgment by Defendant Bushmaster Firearms, etc. ("Defendant's S/J Motion") (Docket No. 32) at 1. For the reasons that follow, I recommend that the motion be granted.

### I. Summary Judgment Standards

### A. Federal Rule of Civil Procedure 56

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "In this regard, 'material' means that a

---

[1] This version of my opinion has been redacted to preserve the confidentiality of certain information submitted on that basis. A full, unredacted version is being filed under seal simultaneously herewith. All references in this opinion are to sealed versions of documents (*continued on next page*)

contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.'" *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

### B. Local Rule 56

The evidence the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the Local Rules of this District. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record

---

cited, if sealed versions exist.

citation. *See id*. The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id*. The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation. *See id*. The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id*.

      Failure to comply with Local Rule 56 can result in serious consequences. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(e). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id*.; *see also, e.g., Cosme-Rosado v. Serrano-Rodriguez*, 360 F.3d 42, 45 (1st Cir. 2004) ("We have consistently upheld the enforcement of [Puerto Rico's similar local] rule, noting repeatedly that parties ignore it at their peril and that failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.") (citations and internal punctuation omitted).

## II. Factual Context

### A. Threshold Rulings

As a threshold matter, I sustain Colt's objection to a so-called "Factual Background" section of Bushmaster's brief setting forth facts "provided only to give context for the undisputed facts that support this motion." Defendant's S/J Motion at 2-3; Plaintiff Colt Defense LLC's Memorandum in Opposition to Motion for Partial Summary Judgment ("Plaintiff's S/J Opposition") (Docket No. 36) at 6. Bushmaster's "Factual Background" facts are neither included in its statement of material facts nor supported by any citation to record materials. *Compare* Defendant's S/J Motion at 2-3 *with* Statement of Material Facts Not in Dispute in Support of the Motion for Partial Summary Judgment by Defendant Bushmaster Firearms ("Defendant's SMF") (Docket No. 33). Perhaps Bushmaster set these facts forth in this manner because it deemed them "immaterial" and, hence, outside the scope of Local Rule 56, which contemplates presentation of "material" facts. If so, Bushmaster is mistaken. There is only one mechanism by which this court can take cognizance of a fact asserted for purposes of summary judgment: via inclusion in a statement of material facts submitted in accordance with Local Rule 56. If a fact matters enough to be presented to the court (even if it constitutes a "background" fact or ultimately may otherwise be deemed immaterial), it must be presented in that format. Otherwise, it should not be presented at all.

As it happens, the foregoing discussion forms a suitable backdrop to my next series of threshold rulings. Colt submitted a number of additional facts whose relevance hinged on the court's willingness to resolve certain legal points in its favor. As explained in my Analysis section, below, I recommend that the court resolve these points in Bushmaster's favor. I accordingly exclude from my factual recitation the following immaterial Colt statements:

      1.      Paragraphs 12, 14, 15, 16, 17, 19 and 20, which concern when and in what manner certain Bushmaster personnel learned of the existence of the infringed patent and/or the possibility of Bushmaster's infringement of that patent. *See* Opposing Statement of Additional Material Facts ("Plaintiff's Additional SMF"), commencing at page 3 of Plaintiff Colt Defense LLC's Opposing Statement of Material Facts ("Plaintiff's Opposing SMF") (Docket No. 35), ¶¶ 12, 14-17, 19-20.

      2.      Paragraphs 21, 22 and 23, which purportedly illustrate Bushmaster's infringing offers to sell infringing weapons, and actual sales of such weapons, to [**REDACTED**]. *See id*. ¶¶ 21-23.

      3.      Paragraphs 24, 25, 30, 31, 32, 33, 34 and 35, which concern Bushmaster's purported concealment from Colt, in the course of other litigation involving both parties, of its knowledge of the patent and/or of its infringement of the patent. *See id.* ¶¶ 24-25, 30-35.

### B. Factual Recitation

With these threshold issues resolved, the parties' statements of material facts, credited to the extent either admitted or supported by record citations in accordance with Local Rule 56 and viewed in the light most favorable to Colt as nonmovant, reveal the following relevant to this recommended decision:[2]

Colt, successor in interest to Colt Industries, Inc., is the owner by assignment of U.S. Patent No. 4,663,875 (the "'875 Patent"). Plaintiff's Additional SMF ¶ 7; Reply Statement of Material Facts by Bushmaster Firearms ("Defendant's Reply SMF") (Docket No. 40) ¶ 7. The '875 Patent is generally directed to a heat-shielding handguard for rifles or carbines that have relatively short barrels that generate a substantial amount of heat. *Id*. ¶ 8. The handguard contains an outer shell to be gripped

---

[2] As noted above, Local Rule 56 requires a party responding to a statement of material facts to admit, deny or qualify the underlying statement. *See* Loc. R. 56(c)-(d). As a general rule, the concept of "qualification" presupposes that the underlying statement is accurate but in some manner incomplete, perhaps even misleading, in the absence of additional information. Accordingly, except to the extent that a party, in qualifying a statement, has expressly controverted all or a portion of the underlying statement, I have deemed it admitted.

by the user and two liners, or heat shields, attached to the inner side of the shell. *Id*. The shell and liners define annular volumes. *Id*. ¶ 9. Cooling air flows through these annular volumes, dissipating heat generated through successive firings of the weapon and maintaining the shell at a comfortable temperature. *Id*. Colt's patented double-shield handguard is a vital component of a rapid-fire weapon such as Colt's M4 carbine. Plaintiff's Additional SMF ¶ 10; Declaration of Michael F. LaPlante ("LaPlante Decl."), Exh. 2 to Declaration of Robert R. Seabold ("Seabold Decl."), attached to Plaintiff's Opposing SMF, ¶ 3. Handguards without heat shields or having single liners become so hot during extended firing of the weapon as to become unbearably hot to a soldier holding the weapon; they have even been known to melt under such conditions. *Id*.[3]

Colt did not mark the patented handgun assembly with the patent number. Defendant's SMF ¶ 1; Plaintiff's Opposing SMF ¶ 1.[4] Colt learned for the first time during the deposition of John DeSantis in the trademark litigation between these parties that Bushmaster was selling handguards with double shields. *Id*. ¶ 2.[5] The DeSantis deposition took place on April 8, 2005. *Id*. ¶ 3.[6] The week after the DeSantis deposition, Bushmaster stopped selling any M4-type handguards. Defendant's SMF ¶ 4; Declaration of John A. DeSantis ("DeSantis Decl."), Exh. C to Declaration of Robert H.

---

[3] I overrule Bushmaster's objection that paragraph 10 of the Plaintiff's Additional SMF is vague, argumentative and a mischaracterization. *See* Defendant's Reply SMF ¶ 10. To the extent Bushmaster alternatively denies the statement, *see id.*, I accept the version of Colt, as nonmovant, for purposes of summary judgment.

[4] Colt purports to qualify this statement, asserting that "[a]pplicable Federal Regulations and specific directives from the U.S. government expressly prohibited Plaintiff from marking its patented double-shield handguard with the patent number." Plaintiff's Opposing SMF ¶ 1. I sustain Bushmaster's objection to this statement, *see* Appendix to Reply Memorandum by Bushmaster Firearms ("Appendix"), attached to Defendant's Reply SMF, ¶ 1, on grounds that it is misleading and without record support. The documents Colt cites, DFAR 252.227-7013, downloaded from the U.S. Government Federal Acquisition Regulations web site, *see* Seabold Decl. ¶ 15 & Exh. 15 thereto, and two letters from the Department of the Army ("Army"), *see* LaPlante Decl. ¶¶ 7-8 & Exhs. 3-4 thereto, establish at most that the Army relied on DFAR 252.227-7013 to deny Colt's request to mark its patent number on double-shield handguards that were the subject of a contract between Colt and the Army.

[5] Colt purports to qualify this statement, asserting that it did not learn about the infringement as a result of Bushmaster's "active concealment, which included improper representations to the Court in an effort to sever Plaintiff's action and transfer venue to Maine and failures to disclose necessary and pertinent documents." Plaintiff's Opposing SMF ¶ 2. I sustain Bushmaster's objection to this statement, *see* Appendix ¶ 2, on grounds that it is conclusory and argumentative.

[6] I omit Colt's version of DeSantis' revelation at his April 8, 2005 deposition that Bushmaster was selling double-shield handguards. *See* Plaintiff's Additional SMF ¶ 11. To the extent Colt's version differs from that of Bushmaster, it is not supported by the record (*continued on next page*)

Stier, Jr. ("Stier Decl."), Attach. No. 1 to Defendant's SMF, ¶ 3.[7] Bushmaster made its last sale of any M4-type handguards on April 12, 2005, when it sold two handguards. Defendant's SMF ¶ 5; DeSantis Decl. ¶ 4.[8] On April 13, 2005, Colt advised the court:

> On Friday, April 8, 2005, an attorney for Colt took the deposition of John DeSantis, president and CEO of Defendant Bushmaster Firearms, Inc. ("Bushmaster"). During that deposition, Colt learned for the first time that Bushmaster is selling carbines with hand guards that have double shields. . . .
>
> Colt was not aware of this information until Mr. DeSantis testified on April 8. Its prefiling investigation did not reveal that Bushmaster sold carbines with double shields. . . .
>
> In light of this development, Colt is considering seeking leave to amend its complaint to add a claim of patent infringement against Bushmaster. Colt has requested samples of the double-shield hand guards from Bushmaster and has issued a subpoena against the company that manufactures the hand guards for Bushmaster.
>
> ***
>
> We advised counsel for Bushmaster of this development yesterday afternoon and informed him that we planned to contact the Court to have the issue addressed during the telephone conference today, since it could have a significant impact on the schedule, including additional expert and fact witnesses.

Defendant's SMF ¶ 6; Exh. D to Stier Decl.[9]

In his affidavit dated May 10, 2005 Richard Dyke admitted that [**REDACTED**]. Plaintiff's Additional SMF ¶ 13; Defendant's Reply SMF ¶ 13. [**REDACTED**]. *Id*. [**REDACTED**]. *Id*. [**REDACTED**]. *Id*.[10]

---

citation given.

[7] Colt purports to deny this statement, asserting that Bushmaster has continued to infringe its patent by, *inter alia*, (i) offering to sell weapons and parts it has represented and advertised to be in compliance with U.S. government military specifications, which require use of a double-shield handguard on the Colt M4 carbine, (ii) making actual sales as a result of such offers and (iii) maintaining an inventory of infringing products. *See* Plaintiff's Opposing SMF ¶ 4. I sustain Bushmaster's objection to this statement, *see* Appendix ¶ 4, on the ground that it is nonresponsive inasmuch as it is unsupported by the record citations given. I have paged through the two sets of Bushmaster sales documents on which Colt relies to prove this proposition, *see* Exhs. 11-12 to Seabold Decl., finding none dated after April 8, 2005.

[8] Bushmaster's objection to Colt's denial of this statement, *see* Plaintiff's Opposing SMF ¶ 5; Appendix ¶ 5, is sustained for the same reasons discussed in footnote 7, above.

[9] I sustain Bushmaster's objection to Colt's qualification, *see* Plaintiff's Opposing SMF ¶ 6; Appendix ¶ 6, for the same reasons discussed in footnote 5, above.

7

Colt filed a complaint in the Eastern District of Virginia on April 12, 2004 against H&K and Bushmaster setting forth claims of patent infringement against H&K and trademark infringement, misuse and unfair business practices against H&K and Bushmaster. *Id*. ¶ 18. The patent claims were based on the '875 Patent. *Id*.

DFAR 252.227-7013 limits markings on technical data packages to "Government Purpose Rights," "Limited Rights" or "Special Rights" legends only. *Id*. ¶ 26.[11]

### III. Analysis

Section 287 of the Patent Act provides, in relevant part:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a).

"As a general matter, § 287 makes appropriate notice of the patent a prerequisite for the patentee's collection of damages from an infringer." *Ceeco Mach. Mfg., Ltd. v. Intercole, Inc.*, 817

---

[10] I sustain Bushmaster's objection to Colt's further assertion that [**REDACTED**], Plaintiff's Additional SMF ¶ 13, on the ground that it is argumentative, *see* Defendant's Reply SMF ¶ 13.

[11] Bushmaster qualifies this statement, noting that the cited regulation limits the types of markings that may be included on items delivered to the government "under this contract." Defendant's Reply SMF ¶ 26; DFAR 252.227-7013(f), Exh. 15 to Seabold Decl. I sustain Bushmaster's objections to paragraphs 27, 28 and 29 of the Plaintiff's Additional SMF on the basis that they mischaracterize the underlying record materials. *See* Plaintiff's Additional SMF ¶¶ 27-29; Defendant's Reply SMF ¶¶ 27-29. In paragraphs 27 and 28, Colt characterizes two letters from Mark E. Lemon of the Department of the Army to Glenna White of Colt as showing that "the government would not permit Colt to place patent markings on the patented handguard." Plaintiff's Additional SMF ¶¶ 27-28. I agree with Bushmaster that this characterization is not a fair one. The letters demonstrate, at most, that the Army denied Colt's request to mark its patent number on double-shield handguards that were the subject of a contract between Colt and the Army. *See* Exhs. 3-4 to LaPlante Decl. In paragraph 29, Colt asserts that Mark Charles Magliaro [**REDACTED**]. Plaintiff's Additional SMF ¶ 29. As Bushmaster points out, *see* Defendant's Reply SMF ¶ 29, Magliaro did not state that [**REDACTED**], *see* Deposition of Mark (*continued on next page*)

F. Supp. 979, 982 (D. Mass. 1992). Section 287 "advises a patent owner to mark his patented article with a notice of his patent rights." *Motorola, Inc. v. United States*, 729 F.2d 765, 768 (Fed. Cir. 1984). "Failure to do so limits his recovery of damages to the period after the infringer receives notice of the infringement." *Id*.; *see also, e.g., Ceeco*, 817 F. Supp. at 982 ("Two kinds of notice are specified – one to the public by visible mark, another by actual advice to the infringer. The second becomes necessary only when the first has not been given. In order to collect damages for patent infringement occurring prior to suit, a plaintiff bears the burden of pleading and proving compliance with either the marking requirements or with the specific notice requirement.") (citations and internal quotation marks omitted).

Bushmaster makes a simple, compelling argument that section 287(a) bars Colt from recovering damages in this action for any sales before April 12, 2005. Specifically, Bushmaster asserts that:

1. The double-shield handguards in issue qualify as "patented articles." *See* Defendant's S/J Motion at 1-2.

2. Colt did not mark the handguards with a patent notice. *See id*. at 3.

3. Colt, which was not aware until April 8, 2005 that Bushmaster was selling these articles, did not provide Bushmaster with actual notice of infringement until April 12, 2005. *See id.* at 3-4.

4. Colt therefore cannot recover damages for infringing items sold before April 12, 2005. *See id*. at 5-7; *see also, e.g., Maxwell v. K Mart Corp.*, 880 F. Supp. 1323, 1335 (D. Minn. 1995) ("Damages for infringement run from the time a patentee began marking the patented article in

---

Charles Magliaro, Exh. 7 to Seabold Decl., at 12-17, 73-78.

9

compliance with 35 U.S.C. § 287(a) or when she actually notified defendants of their infringement, whichever is earlier.").

Colt does not dispute that the handguards qualify as "patented articles" or that they were unmarked. *See* Plaintiff's S/J Opposition at 6-7. However, it asserts as a threshold matter that section 287(a) is inapplicable in cases, such as this one, in which government regulations prevent a patent owner from marking the articles in question. *See id*. at 7-9. It contends, alternatively, that even assuming *arguendo* the applicability of section 287(a), Bushmaster's motion should be denied on any one of several bases, to wit, that:

1. Colt provided actual notice to Bushmaster of its infringement at least as early as April 21, 2004 by filing a lawsuit against both Bushmaster and another party, H&K, in which it sued H&K for infringement of the '875 Patent. *See id*. at 9-10.

2. Bushmaster concealed its infringement from Colt, which, pursuant to *Ceeco*, "is a factor in determining if the actual notice requirement of section 287 has been satisfied." *Id*. at 10.

3. Bushmaster failed to exercise a duty to exercise due care to determine whether or not it was infringing the '875 Patent. *See id*. at 11.

4. On what Colt contends is the better view of the law, section 287(a) does not impose an affirmative duty on the patent owner to notify an infringer of an asserted infringement; rather, it suffices that the infringer has actual notice by any means. *See id*. at 12-13.

For the reasons that follow, none of these points suffices to stave off the requested summary judgment.

1. <u>Asserted Inapplicability of Statute</u>. In its brief opposing summary judgment, Colt posits that it was "prohibited from placing any patent notice on the patented handguard by Federal regulations" – specifically DFAR 252.227-7013 (codified at 48 C.F.R. § 252.227-7013). *Id.* at 7. As

discussed above in my factual-recitation section, this assertion is not borne out by the cognizable facts. DFAR 252.227-7013 addresses the marking of technical data. *See* DFAR 252.227-7013(f), Exh. 15 to Seabold Decl. Colt adduces evidence that, in connection with a certain contract, the Army twice relied on that regulation to deny Colt's request to mark handguards. *See* Exhs. 3-4 to LaPlante Decl. However, Colt, which (as patent owner) bears the burden of proving compliance with section 287, *see, e.g., Maxwell*, 880 F. Supp. at 1337, adduces no evidence that its entire production of double-shield handguards was delivered only in connection with that contract or, for that matter, only to the Army or only in connection with military or government contracts in general. This is fatal to its bid to stave off summary judgment on this basis.

Beyond this, the cases upon which Colt relies for the proposition that section 287(a) is inapplicable are materially distinguishable. *See* Plaintiff's S/J Opposition at 7-9 (citing, *inter alia*, *Motorola*; *Toro Co. v. McCulloch Corp.*, 898 F. Supp. 679 (D. Minn. 1995); *Maxwell v. J. Baker, Inc.*, 805 F. Supp. 728 (D. Minn. 1992); *Wagner v. Corn Prods. Ref. Co.*, 28 F.2d 617 (D.N.J. 1928)). None holds that DFAR 252.227-7013 or any other military regulation excuses the need for a patent owner to comply with section 287(a) in a case in which a private party is claimed to have infringed. *See Motorola*, 729 F.2d at 771 (section 287 inapplicable in case in which patent owner sued United States for patent infringement; in light of policy of United States that it must award bid to lowest qualified bidder irrespective of possibility of infringing patents of other bidders or non-bidders, "a notice to the Government would be meaningless"); *Toro*, 898 F. Supp. at 685 (section 287(a) inapplicable "when an unmarked article, which has been made or sold, contains one of the inventions disclosed in the patent but does not contain the invention of the predicate suit"); *J. Baker*, 805 F. Supp. at 733 (section 287 contains *de minimis* exception, requiring substantially all, rather than all, articles to be marked, because requirement that all articles be marked "would be unduly burdensome, if not

impossible") (citation and internal quotation marks omitted); *Wagner*, 28 F.2d at 618 (predecessor statute to section 287 inapplicable in case involving process patent rather than article; "A process, as ordinarily understood is not an article, and cannot be made to carry the prescribed notice. Its very character defies its being marked or labeled."). Nor has my research disclosed the existence of any case so holding.

  2.  <u>Notice via Suit Against H&K, Bushmaster</u>. As Colt points out, "[f]iling of an action for infringement" constitutes notice pursuant to section 287(a). *See* Plaintiff's S/J Opposition at 10 (quoting 35 U.S.C. § 287(a)). Colt asserts that it met this requirement when, in 2004, it sued a third party, H&K, for infringement of the '875 Patent in a case in which it happened also to sue Bushmaster for conduct other than patent infringement. *See id*. Seemingly recognizing the strained nature of this argument, Colt weakly posits: "This satisfies a literal reading of the statutory language." *Id*. As Bushmaster notes, suit against a third party does not satisfy the requirement of section 287 that notice be given to the asserted infringer. *See* Defendant's S/J Motion at 7; *see also, e.g., In re Yarn Processing Patent Validity Litig. (No. II)*, 602 F. Supp. 159, 169 (W.D.N.C. 1984) ("Mere knowledge by a defendant of the patent, of [the patent owner's] claim of rights thereunder, or even of suits against others, is not a substitute for notice under the statute. Proof of an affirmative notice of the infringement is required.") (citations and internal quotation marks omitted); *Hazeltine Corp. v. Radio Corp. of Am*., 20 F. Supp. 668, 671 (S.D.N.Y. 1937), *superseded by statute on other grounds as stated in American Med. Sys., Inc. v. Medical Eng'g Corp*., 6 F.3d 1523 (Fed. Cir. 1993) ("Notice of infringement is individual, and must be brought home in personam against the infringer when complaint is made of his acts."). Colt posits that *In re Yarn* is distinguishable inasmuch as, in that case, the putative infringers were not parties to the same suit in which patent infringement was alleged against a third party. *See* Plaintiff's S/J Opposition at 10. This is a distinction without a difference. The Court

of Appeals for the Federal Circuit, whose decisions with respect to substantive patent matters are binding on lower federal courts, *see, e.g., Medrad, Inc. v. Tyco Healthcare Group LP*, 391 F.Supp.2d 374, 378 n.3 (W.D. Pa. 2005) ("The Court of Appeals for the Federal Circuit issues controlling precedent in matters involving patents."); *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 388 F. Supp.2d 37, 49 (N.D.N.Y. 2005) (same), has held that "notice must be an affirmative act on the part of the patentee which informs the defendant of his infringement[,]" *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). Suit against a third party – even a co-defendant – does not satisfy this requirement.[12]

       3.      <u>Asserted Willful Concealment</u>. Citing *Ceeco*, Colt next contends that "[a]n infringer's concealment of the infringement is a factor in determining if the actual notice requirement of section 287 has been satisfied." Plaintiff's S/J Opposition at 10. Colt alleges that Bushmaster's legal arguments and responses to discovery requests in other litigation between the parties (not involving patent infringement) constituted willful concealment from Colt of Bushmaster's infringement of the '875 Patent. *See id.* at 11. Even assuming *arguendo* that these materials could be so construed, *Ceeco* affords no comfort to Colt. In keeping with controlling Federal Circuit precedent, the *Ceeco* court stated: "[T]he defendant's independent knowledge of infringement [is] not enough, because the statute requires some *affirmative act on the part of the patentee*." *Ceeco*, 817 F. Supp. at 986 (citations and internal punctuation omitted) (emphasis in original). The question presented in *Ceeco* was whether, in giving an infringer "actual notice" of infringement for purposes of section 287, a patentee must convey the number of the purportedly infringed patent. *See Ceeco*, 817 F. Supp. at 985. The court held that in

---

[12] Colt also adduced evidence that it had, at various points, charged Bushmaster with [**REDACTED**]. *See* Plaintiff's Additional SMF ¶ 13. These communications, as well, fail to convey actual notice of infringement of the '875 Patent. *See, e.g., Amsted*, 24 F.3d at 186-87 (letter that was broadcast to number of companies including defendant but did not explicitly charge defendant with infringement did not satisfy section 287(a)'s actual-notice requirement); *Maxwell*, 880 F. Supp. at 1339 (letter that did not directly charge any party with infringement but rather served to notify industry of patent and generally advise retailers not to infringe did not satisfy section (*continued on next page*)

the circumstances presented for purposes of summary judgment, conveyance of the precise patent number was unnecessary, reasoning:

> Alec Knight [the plaintiff's sales representative] took the 'affirmative' action required . . . in telling Intercole [defendant's] employees that, if they purchased a machine with a pretwister from New England/CFL [a competitor of plaintiff], they would be infringing Ceeco's patent. . . . The [defendant's] employees were also apparently aware that Ceeco was involved in litigation with New England/CFL over the very same product.  To the extent that Knight's warning was less explicit than would typically be required, Intercole appears to be largely responsible for the conditional nature of his words.  By Luikey's [defendant's employee's] own admission, Intercole continued to reassure Knight that it had not purchased a machine with a pretwister well after it in fact had.  The provision for giving actual notice would be rendered meaningless if defendants could evade such notice by deliberately concealing their infringement.

*Id*. at 987.

In this case, by contrast, there is no evidence of any direct communication from Colt to Bushmaster warning that Bushmaster was, or might be, infringing the '875 Patent until April 12, 2005. *Ceeco* cannot fairly be read as holding or even suggesting that a defendant's concealment of its infringement from a patent owner completely obviates the need for a patent owner to give affirmative notice pursuant to section 287(a).

    4.        <u>Duty of Due Care</u>.  Colt next asserts that Bushmaster failed to exercise its duty of due care to determine whether or not it was infringing the '875 Patent.  *See* Plaintiff's S/J Opposition at 11. Colt's reliance on this concept, which derives from analysis of whether a defendant has willfully infringed a patent, *see, e.g., Amsted*, 24 F.3d at 181-82; *Milgo Elec. Corp. v. United Bus. Commc'ns, Inc.*, 623 F.2d 645, 666 (10th Cir. 1980), is misplaced.  As the Federal Circuit has made clear, for purposes of the notice provision of section 287, "[i]t is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement.  The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer."

---

287(a)'s actual-notice requirement).

14

*Amsted*, 24 F.3d at 187; *see also, e.g., Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 290 F. Supp.2d 508, 531-32 (M.D. Pa. 2003) ("Section 287 requires more than mere knowledge by the accused infringer of the violation: it mandates that the patentee take affirmative action to protect its rights by notifying the infringer of the purported violation.  That Bridgeport had knowledge of the potential infringement does not relieve Arlington of its burden to convey its accusations to Bridgeport.") (citation omitted).[13]

    5. <u>Need for "Affirmative Act" on Patent Owner's Part</u>.  Relying heavily on a law-review article, Colt finally takes to task those courts holding that to satisfy section 287, a patentee must affirmatively notify an infringer of its infringement.  *See* Plaintiff's S/J Opposition at 12-13 (citing Michael J. McKeon, *The Patent Marking and Notice Statute: A Question of "Fact" or "Act"?*, 9 Harv. J.L. & Tech. 429 (1996)).  This view, Colt asserts, is not only based on a misinterpretation and misquotation of *Dunlap v. Schofield*, 152 U.S. 244 (1894), but also represents bad policy.  *See id*.  The problem for Colt is that the Federal Circuit has embraced this assertedly wrong-headed view.  *See, e.g., Amsted*, 24 F.3d 187; *see also, e.g., Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327-28 (Fed. Cir. 2001) ("This court . . . reiterates that actual notice under § 287(a) must be an affirmative act on the part of the patentee which informs the defendant of infringement.") (citation and internal quotation marks omitted).  This court is not at liberty to thumb its nose at this controlling precedent.  *See, e.g., Trustees of Columbia Univ. v. Roche Diagnostics GmbH*, 126 F. Supp.2d 16, 32 (D. Mass. 2000) ("As a lower court, . . . I cannot simply choose the rule which I deem the better policy."); *Uniboard Aktiebolag v. Acer Am. Corp.*, 118 F. Supp.2d 19, 24 n.8 (D.D.C. 2000), *aff'd sub nom. Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001) (neither misquote of *Dunlap*

---

[13] I am mindful that the court in *Ceeco* adverted to the duty of due care in the context of a section 287 analysis.  *See Ceeco*, 817 F. Supp. at 986.  The court did so merely to bolster its point that, in the circumstances presented, the notice given by the plaintiff to the defendant was adequate even in the absence of identification of the number of the patent claimed to have been infringed.  *See id.* at (*continued on next page*)

highlighted by McKeon article nor any other judicial precedent undermined *Amsted's* status as controlling authority in the Federal Circuit).

The bottom line here is that Colt neither marked the patented handguards in issue nor notified Bushmaster of its infringement of the '875 Patent until April 12, 2005. Section 287(a), as construed by the Federal Circuit, prevents Colt from recovering damages for infringement occurring before April 12, 2005.

### IV. Conclusion

For the foregoing reasons, I recommend that Bushmaster's motion for partial summary judgment be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 2nd day of February, 2006.

                /s/ David M. Cohen
                David M. Cohen
                United State Magistrate Judge

---

986-87.